LATHAM & WATKINS LLP
  Perry J. Viscounty (Bar No. 132143)
*perry.viscounty@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California  92626-1925
(714) 540-1235 / (714) 755-8290 Fax

LATHAM & WATKINS LLP
  Jennifer L. Barry (Bar No. 228066)
*jennifer.barry@lw.com*
12670 High Bluff Drive
San Diego, California  92130
(858) 523-5400 / (858) 523-5450 Fax

Attorneys for Plaintiff
THE HEROES PROJECT
d/b/a THE HEROES VETERANS PROJECT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE HEROES PROJECT d/b/a THE HEROES VETERANS PROJECT, a Washington D.C. non-profit corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FITCO CARES FOUNDATION d/b/a HEROES PROJECT, a Texas non-profit corporation; FITCO FITNESS CENTER OUTFITTERS, L.L.C., a Texas corporation, and DOES 1-10,<br><br>　　　　　　Defendants. | CASE NO. 2:14-CV-02978<br><br>Complaint For:<br><br>(1) Trademark Infringement and Unfair Competition/False Designation Of Origin (Lanham Act, 15 U.S.C. § 1125(a))<br>(2) Common Law Trademark Infringement<br>(3) Common Law Unfair Competition<br><br>**Demand For Jury Trial** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1736193.1

Complaint
Demand for Jury Trial

Plaintiff The Heroes Project d/b/a The Heroes Veterans Project ("THP"), for its Complaint against FITCO Cares Foundation d/b/a Heroes Project ("HP"), FITCO Fitness Center Outfitters, L.L.C. ("Fitco") and Does 1-10 (the "Doe Defendants") (collectively, "Defendants"), alleges as follows:

## Nature of Action

1. THP was founded in 2009 as a non-profit organization dedicated to helping our nation's veterans and soldiers overcome mental, physical, and emotional obstacles. THP has cultivated a reputation under its THE HEROES PROJECT mark as an organization that is committed to raising funds and awareness for military personnel, particularly those injured in battle, including through its website located at <theheroesproject.org>. THP's brand is bolstered by its popular fundraising activities, including its Climb for Heroes and Cycle for Heroes events, and its daring mission to inspire wounded veterans by taking them on mountaineering expeditions to the tops of the world's highest mountains. THP owns valuable and longstanding trademark rights in various marks related to its brand.

2. On information and belief, HP is a non-profit corporation that engages in charitable fundraising and marketing for veterans by providing, in part, fitness equipment, health club memberships, and personal training, including under the HEROES PROJECT mark and at the website located at <heroesproject.org>. The services offered for sale by HP under the mark HEROES PROJECT are identical to and/or substantially indistinguishable from the services offered by THP. Despite being notified that such services are infringing and likely to cause confusion, HP has continued to engaged in fundraising on its website and through fundraising events.

3. To put a stop to Defendant's unlawful conduct and obtain compensation for the violations that have occurred thus far, THP brings this action for false designation of origin and unfair competition in violation of the Lanham

Act, 15 U.S.C. § 1125(a) and common law trademark infringement and unfair competition under California law.

## The Parties

4. THP is a Washington D.C. non-profit corporation, having its principal place of business at 7304 Beverly Blvd., Suite No. 151, Los Angeles, California 90036.

5. On information and belief, HP is a non-profit corporation organized and existing under the laws of Texas, having its principal place of business at 325 N. Saint Paul St., Suite 4100, Dallas, Texas 75201-3848. HP publishes content on the <heroesproject.org> website and was the applicant of record for the federal trademark application of the HEROES PROJECT mark with design.

6. On information and belief, Fitco is a corporation organized and existing under the laws of Texas, having its principal place of business at 6401 Lost Arbor Ct., Plano, Texas 75024-7453. Fitco is the registrant organization of the <heroesproject.org> website.

7. THP is ignorant of the true names of Doe Defendants 1 through 10, inclusive, and therefore sues those defendants by such fictitious names. THP is informed and believes, and on that basis alleges, that Doe Defendants 1 through 10, inclusive, are responsible for the acts alleged in this Complaint. When the true names of such fictitious defendants are ascertained, THP will seek leave of this Court to amend this Complaint to name those individuals or entities.

8. THP is informed and believes, and on that basis alleges, that each of the Defendants was the agent and employee of the remaining Defendants and, at all times mentioned, acted within the course and scope of such agency and employment.

## Jurisdiction and Venue

9. This is a civil action alleging false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) and California common

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1736193.1

2

Complaint
Demand for Jury Trial

law trademark infringement and unfair competition.

10. Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over THP's claims for relief for violation of the federal trademark and unfair competition statutes.

11. Pursuant to 28 U.S.C. § 1338(b), this Court has supplemental jurisdiction over THP's state law unfair competition claims, in that the claims are joined with substantial and related claims under the Lanham Act. This Court also has supplemental jurisdiction over THP's state law claims pursuant to 28 U.S.C. § 1367(a), in that all of THP's claims arise out of a common nucleus of operative facts.

12. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants have conducted substantial business in the State of California and attempted to derive financial benefits from residents of the State of California, including by marketing and selling their services to residents of the State of California and otherwise placing infringing services into the stream of commerce, with the knowledge or understanding that such services are marketed and sold in the State of California, including within this District.

13. Venue in this Court is proper under 28 U.S.C. § 1391(b), (c), because, on information and belief, Defendants transact business within this District and have marketed in this District services that infringe THP's trademark rights, and a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### THP's Successful Brand and Trademark Rights

14. THP has used the mark THE HEROES PROJECT for charitable fundraising services since at least as early as May 2010, including through its website <theheroesproject.org> (pictured below):

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1736193.1

3

Complaint
Demand for Jury Trial



15. THP's longstanding fundraising efforts using its mark THE HEROES PROJECT, in addition to its other marks, have attracted the attention of national and local news media, including ABC News, NBC television in San Diego, KTLA television in Los Angeles, ABC World News Tonight with Diane Sawyer and Bob Woodruff, and, in an upcoming feature, CBS's 60 Minutes news program.

16. Numerous celebrities have also supported THP's fundraising efforts

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1736193.1

4

Complaint
Demand for Jury Trial

1 and charitable mission, including Cher, Chris Evans, Dean Winters, Pamela
2 Anderson, and musicians Duff McKagan and Steve Jones.

3   17. THP's incredible achievements include taking injured military
4 personnel on mountain climbing expeditions to the world's tallest mountains,
5 including completed summits of Mount Kilimanjaro, Mount Elbrus, Mount Denali,
6 Mount Vinson, Mount Aconcagua, and Mount Kosciuszko. These climbs give
7 wounded veterans a lofty goal and an opportunity to reclaim their self-confidence,
8 but they also require significant charitable fundraising. For example, THP has
9 already raised over $345,000 for its next expedition, an ascent of Mount Everest
10 with a combat veteran wounded in Afghanistan.

11   18. As a result of THP's renown and active charitable fundraising
12 efforts, THP has raised over $1 million dollars since its formation.

13   19. THP is the owner of federal trademark application Serial No.
14 86/127380 (the "'380 Application") for the word mark THE HEROES PROJECT
15 in connection with, among other things, charitable fundraising services in Class 36,
16 jewelry in Class 14, and clothing in Class 25. The '380 Application was filed with
17 the USPTO on November 22, 2013.

18   20. As a result of THP's long and continuous actual use of the mark
19 THE HEROES PROJECT, THP has developed extensive common law rights in the
20 mark.

21   21. As a result of THP's continuous use, the mark THE HEROES
22 PROJECT has become an asset of substantial value to THP as a distinctive
23 indicator of the origin and quality of THP-branded services, including THP's
24 charitable fundraising efforts.

25   **Defendants' Infringing and Inferior Trademark Usage**

26   22. On information and belief, Defendants engage in charitable
27 fundraising and marketing activities to raise funds to provide, in part, fitness
28 equipment, health club memberships, and personal training to wounded and

1 disabled military veterans and certain military families.

2     23. HP was previously known as the FITCO Cares Foundation but later began using the name HEROES PROJECT in or about April 2013.

4     24. Defendants operate a website at the domain name <heroesproject.org>, which offers Defendants' services under the HEROES PROJECT mark.

7     25. Defendants also operate a Facebook page for the HEROES PROJECT mark at <https://www.facebook.com/#!/heroesproject.org> and a Twitter page at <https://twitter.com/USHeroesProject>.

10     26. Defendants have filed a federal trademark application (Serial No. 86/082251, filed October 3, 2013) for the design plus word mark below in Class 35 for "Charitable services, namely, providing free fitness equipments, donated health club memberships, personal training lessons, and life coaching to United States veterans." The application claims a first use date of May 2013.



19     27. In or around May 2013, THP became aware that Defendants were offering charitable fundraising services using a name that was nearly identical to THP's THE HEROES PROJECT mark on the website <heroesproject.org>. Since then, THP has given HP several months and numerous opportunities to cease its infringing use of the mark to avoid litigation and allow both parties to focus on their charitable missions.

25     28. On June 5, 2013, THP notified HP of its superior rights to the mark THE HEROES PROJECT, and requested that HP cease using the HEROES PROJECT mark in connection with its charitable services. Despite THP's continued attempts to amicably resolve the issue through July 2013, HP continued

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1736193.1

6

Complaint
Demand for Jury Trial

to use its mark.

29. In August and September 2013, representatives of THP again requested that HP stop its infringing activities and change its name. Again, HP continued to use its infringing name.

30. Once again, in October 2013, representatives for THP spoke with HP's counsel and sought to resolve the dispute and were again rebuffed.

31. In December 2013, THP gave HP yet another chance to select a non-infringing name. Following HP's request for additional time to respond to THP's demand letter, THP again gave HP the opportunity to change its name in January 2014. However, HP continues to use THP's mark.

32. Given THP's renown, online presence, and its long history of providing charitable fundraising services under the mark THE HEROES PROJECT on the <theheroesproject.org> website and at its various fundraising events, THP is very concerned that consumers are likely to be confused and in their confusion, to mistakenly believe that Defendants and their services are related to, endorsed by or affiliated with THP.

33. Defendants will thus enjoy the benefits of THP's reputation and goodwill based on this consumer confusion, to THP's detriment.

**THP is Being Harmed by Defendants'**
**Continuing Infringement and Unlawful Conduct**

34. Defendants' continued use of the HEROES PROJECT mark in commerce in violation of THP's valuable intellectual property rights in the mark THE HEROES PROJECT is knowing, intentional and willful, and is causing damage to THP.

35. Due to Defendants' willful continuing infringement and unlawful conduct, THP is now forced to bring this Complaint to protect its valuable and longstanding intellectual property rights. THP had to retain counsel and incur expenses (and continues to incur expenses) to prosecute this suit and pursue its

claims.

36. Defendants' activities have caused and will cause irreparable harm to THP for which it has no adequate remedy at law because Defendants' conduct interferes with THP's goodwill and customer relationships and will substantially harm THP's reputation as a source of high-quality services in support of our nation's wounded soldiers and veterans.

37. THP's interest in protecting its intellectual property rights, and products and services from customer confusion outweigh any harm to Defendants. The public interest is best served by granting the requested relief to THP against Defendants in this case.

## FIRST CLAIM FOR RELIEF
## Lanham Act - Unfair Competition and False Designation of Origin - 15 U.S.C. § 1125(a)

38. THP incorporates by reference the factual allegations set forth above.

39. THP is the owner of all rights, title, and interest in and to the mark THE HEROES PROJECT and the '380 Application ( the "THP Trademark"), including the right to sue for and recover all past, present and future damages for infringement of the rights conferred by the THP Trademark.

40. The THP Trademark is strong and distinctive, designating all services or products advertised, marketed, sold or used in connection with the THP Trademark as THP services or products. In addition, by virtue of THP's long use of the THP Trademark in connection with its charitable fundraising services since at least as early as 2010, and its extensive marketing, advertising, promotion and solicitation of fundraising to support its goods and services under that mark, the THP Trademark has acquired secondary meaning, whereby the consuming public of this District, the State of California, and throughout the United States, associate the marks with a single source of goods and/or services.

41. THP is the senior user of the THP Trademark, as it began use of the mark in interstate commerce prior to Defendants' first use of its HEROES PROJECT mark.

42. As described above, Defendants have used and continue to use in interstate commerce an infringing name that is identical to, or substantially indistinguishable from, the THP Trademark, in association with the charitable fundraising services that neither originate from nor are authorized by THP.

43. Defendants were aware of the THP Trademark, as Defendants were on actual notice at least as early as June 2013, the date of THP's first correspondence with HP regarding Defendants' ongoing infringement of THP's valuable trademark. On information and belief, Defendants have acted with knowledge of THP's ownership of the THP Trademark and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the THP Trademark. Thus, Defendants' unauthorized use of the THP Trademark or designations that are identical thereto or substantially indistinguishable therefrom was, and continues to be, knowing, intentional, and willful.

44. On information and belief, through their use of the confusingly identical HEROES PROJECT mark, Defendants intended to, and did in fact, confuse and mislead consumers, and did misrepresent and create the false impression that THP somehow authorized, originated, sponsored, approved, licensed or participated in Defendants' use of the HEROES PROJECT mark.

45. In fact, there is no connection, association, or licensing relationship between THP and Defendants, nor has THP ever authorized, licensed or given permission to Defendants to use the THP Trademark in any manner whatsoever.

46. Thus, on information and belief, Defendants' use of the HEROES PROJECT mark has caused and is likely to continue to create a false representation concerning an association or connection between THP and Defendants, a false

designation of the origin of Defendants' goods and services, and a likelihood of confusion as to a connection between the parties.

47. As a direct and proximate result of Defendants' wrongful conduct, THP has been damaged and will continue to be damaged.

48. On information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

49. Defendants' actions thus constitute trademark infringement, false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a).

50. Unless an injunction is issued enjoining any continuing or future use by Defendants of the THP Trademark or designations that are identical thereto or substantially indistinguishable therefrom, such continuing or future use is likely to continue to cause confusion, mistake or to deceive as to source, origin, affiliation or sponsorship, and thereby to irreparably damage THP.

51. Defendants' activities have caused and will cause irreparable harm to THP for which it has no adequate remedy at law, in that (i) the THP Trademark comprises unique and valuable property rights that have no readily determinable market value; (ii) Defendants' infringement constitutes an interference with THP's goodwill and customer relationships and will substantially harm THP's reputation as a source of high quality goods and services; and (iii) Defendants' wrongful conduct, and the damages resulting to THP, are continuing. Accordingly, THP is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

52. Pursuant to 15 U.S.C. §1117(a), THP is entitled to an order: (a) requiring Defendants to account to THP for any and all profits derived by Defendants from their actions, to be increased in accordance with the applicable provisions of law; and (b) awarding all damages sustained by THP caused by Defendants' conduct.

53. On information and belief, Defendants' conduct was intentional and

without foundation in law, and pursuant to 15 U.S.C. § 1117(a), THP is as a result entitled to an award of treble damages against Defendants.

54. Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and THP is thus entitled to an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### Common Law Trademark Infringement

55. THP incorporates by reference the factual allegations set forth above.

56. THP has valid and protectable common law rights in the THP Trademark.

57. THP is the senior user of the THP Trademark.

58. Defendants' conduct, as described above, constitutes infringement of THP's common law rights in the THP Trademark.

59. Defendants' use of the THP Trademark, or spurious designations that are identical thereto or substantially indistinguishable therefrom on or in connection with unauthorized products, as described above, is likely to cause confusion as to the origin of Defendants' products and is likely to cause the mistaken belief that there is a relationship between Defendants and THP.

60. Defendants' wrongful acts have permitted and will permit them to receive substantial profits based upon the strength of the reputation of THP and the substantial goodwill it has built up in the THP Trademark.

61. As a direct and proximate result of Defendants' wrongful conduct, THP has been and will continue to be damaged.

62. Unless an injunction is issued enjoining any continuing or future use by Defendants of the THP Trademark, or spurious designations that are identical thereto or substantially indistinguishable therefrom, such continuing or future use is likely to continue to cause confusion, mistake or to deceive as to source, origin, affiliation or sponsorship, and thereby to damage THP irreparably.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1736193.1

11

Complaint
Demand for Jury Trial

THP has no adequate remedy at law. Accordingly, THP is entitled to an injunction.

### THIRD CLAIM FOR RELIEF

### Common Law Unfair Competition

63. THP incorporates by reference the factual allegations set forth above.

64. THP has expended significant time and expense in developing the THP Trademark and the high-quality services and products it markets, offers, and sells under that mark. The THP Trademark has been very successful and has developed a substantial reputation and goodwill in the marketplace.

65. Through their wrongful conduct described above, Defendants have misappropriated THP's efforts and are exploiting the THP brand and THP's reputation to market and sell unauthorized services by utilizing the THP Trademark or spurious designations that are identical thereto or substantially indistinguishable therefrom, including on its website. These actions constitute unfair competition.

66. As a direct and proximate result of Defendants' wrongful conduct, THP has been and will continue to be damaged.

67. Unless an injunction is issued enjoining Defendants' unfairly competitive conduct, THP will continue to be damaged irreparably. THP has no adequate remedy at law. Accordingly, THP is entitled to an injunction.

68. On information and belief, Defendants have acted willfully, intentionally and maliciously, such that THP is entitled to punitive damages.

### PRAYER

WHEREFORE, THP prays for the following relief:

A. An injunction ordering Defendants, their officers, agents, servants, employees, and attorneys, and all other persons who are acting in concert or participating with them, who receive actual notice of the injunction order by

personal or other service, to:

    (1) cease all use and never use the THP Trademark, or any other mark likely to cause confusion with the THP Trademark, in connection with the creation, promotion, marketing, offering for sale, sale, or distribution of goods or services;

    (2) never use any false designation of origin, false representation, or any false or misleading description of fact, including the HEROES PROJECT name or any other mark, name or logo confusingly similar to the THP Trademark or logos, that can, or is likely to, lead the consuming public or individual members thereof, to falsely believe that any products or services produced, offered, promoted, marketed, advertised, provided or sold by Defendants are in any manner associated or connected with THP, or are licensed, approved or authorized in any way by THP;

    (3) never represent or suggest in any fashion to any third party, or perform any act that may give rise to the mistaken belief that Defendants, or any of their goods or services, are related to, authorized or sponsored by THP;

    (4) cease all use of the domain name <heroesproject.org> and any similar domain names, and never register any domain names that contain the THP Trademark, or any domain names confusingly similar to the THP Trademark;

    (5) never unfairly compete with THP in any manner whatsoever, or engage in any unfair, fraudulent or deceptive business practices that relate in any way to the production, distribution, marketing, and/or sale of products and services bearing or utilizing the THP Trademark, or any other mark or designation confusingly similar thereto; and

    (6) abandon the pending federal trademark application for HEROES PROJECT and design, and never apply for, or seek to register any mark that contains or is likely to cause confusion with, the THP Trademark.

    B.    An order pursuant to 15 U.S.C. § 1116(a) directing Defendants to file with this Court and to serve upon THP's counsel, within thirty (30) days after the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1736193.1

13

Complaint
Demand for Jury Trial

1  entry and service on Defendants of an injunction, a report in writing and under oath
2  setting forth in detail the manner and form in which Defendants have complied
3  with the injunction.
4      C.  An order transferring to THP all domain names in Defendants'
5  possession, custody, or control, that include the words HEROES PROJECT or any
6  misspelling thereof, or that are otherwise confusingly similar to, or contain, the
7  THP Trademark.
8      D.  A judgment that, by the acts complained of above, Defendants have
9  infringed the THP Trademark, created a false designation of origin and/or a false
10 representation of association, and engaged in unfair competition in violation of
11 15 U.S.C. § 1125(a).
12     E.  A judgment that, by the acts complained of above, Defendants have
13 engaged in common law trademark infringement.
14     F.  A judgment that, by the acts complained of above, Defendants have
15 engaged in common law unfair competition.
16     G.  An order pursuant to 15 U.S.C. § 1117(a) compelling Defendants to
17 account to THP for any and all profits derived from their unlawful and infringing
18 conduct.
19     H.  An order awarding THP damages as follows:
20         (1) Pursuant to 15 U.S.C. § 1117(a), THP's actual damages, as well as
21 all of Defendants' profits or gains of any kind from their acts of trademark
22 infringement, false designation of origin, and unfair competition, including a
23 trebling of those damages; and
24         (2) Punitive damages pursuant to California common law.
25     I.  An order awarding THP its attorneys' fees pursuant to 15 U.S.C.
26 § 1117(a), based on a determination that this is an exceptional case entitling THP
27 to its reasonable attorneys' fees.
28     J.  An order awarding THP all of its costs, disbursements and other

expenses incurred due to Defendants' unlawful conduct, pursuant to 15 U.S.C. § 1117(a).

K. An order awarding THP interest.

L. An order awarding THP such other relief as the Court deems appropriate.

Dated:  April 17, 2014             LATHAM & WATKINS LLP

By /s/ Jennifer L. Barry
Perry J. Viscounty
Jennifer L. Barry

Attorneys for Plaintiff
THE HEROES PROJECT d/b/a THE HEROES VETERANS PROJECT

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff hereby demands a trial by jury.

Dated:  April 17, 2014             LATHAM & WATKINS LLP

By /s/ Jennifer L. Barry
Perry J. Viscounty
Jennifer L. Barry

Attorneys for Plaintiff
THE HEROES PROJECT d/b/a THE HEROES VETERANS PROJECT

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\1736193.1

15

Complaint
Demand for Jury Trial